UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN ZIEL

    Plaintiff,

v

ROMEO COMMUNITY SCHOOLS,
ROMEO COMMUNITY SCHOOLS
BOARD OF EDUCATION, by and through
its members, MICHAEL ANTOINE, ANITA
BANACH, KIM BARROWS, WAYNE
CONNOR II,GUS DEMAS, JILL RILLEY,
AND CHRIS YOUNG, in their individual and
official capacities, and TODD ROBINSON,
in his individual capacity as
SUPERINTENDENT OF ROMEO
COMMUNITY SCHOOLS, and JULIA
BUTLER, in her individual and official
capacity as DIRECTOR OF EMPLOYEE
SERVICES FOR ROMEO COMMUNITY
SCHOOLS.

    Defendants.

Case No.

Hon.

BENJAMIN L. KING (P81823)
DARCIE R. BRAULT (P43864)
JOHN R. CANZANO (P30417)
**MCKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.**
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
bking@michworkerlaw.com
dbrault@michworkerlaw.com
jcanzano@michworkerlaw.com

**COMPLAINT AND JURY DEMAND**

Plaintiff, Susan Ziel, by her counsel, McKnight, Canzano, Smith, Radtke & Brault, PC, complains as follows:

## INTRODUCTION

1. Plaintiff brings this action under 42 U.S.C. §§ 1983 ("section 1983") to redress the deprivation under color of state law of rights secured by the United States Constitution. More specifically, this Complaint seeks to protect a teacher's well-established First Amendment right to freedom of speech and expression. In May of 2021, Plaintiff wrote and posted a comment on a private Facebook page for her union, the Romeo EA, of which she is President. The post included criticism of a disruptive group that appeared at a Board meeting to object to masks, vaccines and COVID testing for participants in school sports. On the same day, Plaintiff spoke to the press and was quoted as a "union leader" in an Associated Press article. As a result, she was suspended pending investigation on May 16, 20221. On July 26, 2021, Defendants authorized Plaintiff's termination through tenure charges and is expected to proceed with those charges through official action on August 23, 2021. This lawsuit seeks to enjoin the Defendants' action, to obtain a declaration of rights and to recover damages.

## JURISDICTION AND VENUE ALLEGATIONS

1. This Court has subject matter jurisdiction pursuant to: (a) 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States;

(b) 28 U.S.C. § 1343 because this action seeks to redress the deprivation of Plaintiff's rights by the Defendants acting under color of state law; and (c) 28 U.S.C. § 2201 because this action seeks a declaratory judgment.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because substantially all of the events that give rise to the claims in this action occurred in Macomb County, State of Michigan.

## THE PARTIES

3. Plaintiff, Susan Ziel ("Plaintiff"), is a citizen and a resident of the State of Michigan.

4. Defendant, Romeo Community Schools ("RCS"), is a school district, authorized and established pursuant to the Revised School Code, MCL 380.1, *et seq*, doing business in the County of Macomb, State of Michigan.

5. RCS operates public elementary, middle and high schools in Romeo, Michigan.

6. RCS is a "person" for purposes of liability under Section 1983.

7. Defendant, Romeo Community Schools Board of Education ("Board"), is the duly elected and qualified body authorized to operate the RCS school district and is a controlling board as defined in MCL 38.73.

8. The Board is a "person" for purposes of liability under Section 1983.

9. Defendant, Todd Robinson, is a resident of the State of Michigan.

3

10. Defendant Robinson is sued both in his personal capacity and in his official capacity as the Superintendent of RCS.

11. Defendant Robinson made the decision to suspend Plaintiff and pursue her termination through tenure charges.

12. Defendant Robinson is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Robinson acted under color of state law.

13. Defendant, Julia Butler, is a resident of the State of Michigan.

14. Defendant Butler is sued both in her personal capacity and in her official capacity as RCS's Director of Employee Services.

15. Defendant Butler made the decision to suspend Plaintiff and pursue her termination through tenure charges.

16. Defendant Butler is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Butler acted under color of state law.

17. Defendant, Michael Antoine is a resident of the State of Michigan.

18. Defendant Antoine is sued both in his personal capacity and in his official capacity as a member of Defendant Board.

19. Defendant Antoine made the decision to suspend Plaintiff and pursue her termination through tenure charges.

20. Defendant Antoine is a "person" for the purposes of liability under

section 1983. At all relevant times, Defendant Antoine acted under color of state law.

21. Defendant, Anita Banach is a resident of the State of Michigan.

22. Defendant Banach is sued both in her personal capacity and in her official capacity as a member of Defendant Board.

23. Defendant Banach made the decision to suspend Plaintiff and pursue her termination through tenure charges.

24. Defendant Banach is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Antoine acted under color of state law.

25. Defendant, Kim Barrows is a resident of the State of Michigan.

26. Defendant Barrows is sued both in her personal capacity and in her official capacity as a member of Defendant Board.

27. Defendant Barrows made the decision to suspend Plaintiff and pursue her termination through tenure charges.

28. Defendant Barrows is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Barrows acted under color of state law.

29. Defendant, Wayne Conner II is a resident of the State of Michigan.

30. Defendant Conner is sued both in his personal capacity and in his

official capacity as a member of Defendant Board.

31. Defendant Conner made the decision to suspend Plaintiff and pursue her termination through tenure charges.

32. Defendant Conner is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Conner acted under color of state law.

33. Defendant, Michael Demas is a resident of the State of Michigan.

34. Defendant Demas is sued both in his personal capacity and in his official capacity as a member of Defendant Board.

35. Defendant Demas made the decision to suspend Plaintiff and pursue her termination through tenure charges.

36. Defendant Demas is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Demas acted under color of state law.

37. Defendant, Jill Rilley is a resident of the State of Michigan.

38. Defendant Rilley is sued both in her personal capacity and in her official capacity as a member of Defendant Board.

39. Defendant Rilley made the decision to suspend Plaintiff and pursue her termination through tenure charges.

40. Defendant Rilley is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Rilley acted under color of state law.

41. Defendant, Chris Young is a resident of the State of Michigan.

42. Defendant Young is sued both in his personal capacity and in his official capacity as a member of Defendant Board.

43. Defendant Young made the decision to suspend Plaintiff and pursue her termination through tenure charges.

44. Defendant Young is a "person" for the purposes of liability under section 1983. At all relevant times, Defendant Young acted under color of state law.

## FACTUAL ALLEGATIONS

45. RCS hired Plaintiff in 1997.

46. Plaintiff is currently employed as a teacher at a middle school within RCS.

47. Plaintiff is also President of the Romeo Education Association ("Union").

48. Plaintiff has received praise and accolades from peers and supervisors throughout her career.

49. Plaintiff's supervisors have consistently evaluated Plaintiff as highly effective.

50. Plaintiff is a member of the Union.

51. Plaintiff has served as President of the Union since 2015.

52. During the COVID-19 Pandemic, Plaintiff became aware that an organization, known as Mom's for Liberty ("M4L") attended multiple school board

meetings throughout school districts in Macomb County. M4L used disruption and rowdiness to protest issues, such as COVID-19 vaccines, mask requirements, and critical race theory, at public school board meetings.[1] Plaintiff knew that M4L frequently blames teachers' unions for school districts' mask mandates, vaccine requirements, and "progressive" curriculums.

53. On or about May 12, 2021, Plaintiff learned that M4L members attended the Board's May 10, 2021 meeting.

54. At the May 10, 2021 Board meeting, members of the public shouted at Board members, and accused the Board of failing students and being evil. These individuals publicly commented to the Board that COVID-19 was not a virus and that masks do not prevent the spread of COVID-19.

55. Plaintiff is the Administrator of a private Facebook page, named "Romeo EA.". Only Union members have access to the Facebook page. There are approximately 200 members who have requested and have access to the Romeo EA Facebook page.

56. On May 12, 2021, in response to the public comments made at the May 10, 2021 Board meeting, Plaintiff authored and posted the following on the Romeo

---

[1] https://www.momsforliberty.org/2021/04/we-want-these-masks-off-our-kids-face/. See also, https://www.nationalgeographic.com/family/article/the-challenge-of-teaching-race-in-the-classroom; https://www.floridatoday.com/picture-gallery/news/2021/05/11/moms-liberty-rally/5046782001/.

EA's Facebook page:

> This is how I picture the next board meeting between the Board & the idiots that turned the meeting into a [cartoon emoji/pile of poo] show. A group called 'Moms of liberty' showed up to stir up trouble. Apparently they were rude and mistook the meeting for a Jerry Springer show. Anti mask & anti vaccine & anti testing for sports. The trifecta of stink'n think'n. They are a virus themselves.

57. On May 12, 2021, an article was published by the Associated Press by journalist Martha Irvine entitled: "Public Service in the US: Increasingly Thankless, Exhausting."[2] The article discusses employee burn out in the public sector.

58. In the article, Plaintiff was described as a "union leader" who was interviewed and quoted related to her role as a union advocate and a dispute between another union member and RCS over a "profanity-laden rant about COVID-19" that the member posted on social media. Plaintiff's Facebook post was not mentioned in the article.

59. On May 16, 2021, RCS, the Board, and its members, through Defendant Robinson and Defendant Julia Butler, suspended Plaintiff pending an investigation.

60. Defendant Robinson, RCS, the Board, and its members, through Defendant Butler, advised Plaintiff that the reasons for the suspension were a) her May 12, 2021 Facebook post on the Romeo EA page, and 2) because she spoke to

---

[2] Associated Press, Irvine, Martha, Public Service in the US: Increasingly Thankless, Exhausting (May 12, 2021), available at https://apnews.com/article/coronavirus-pandemic-business-health-government-and-politics-5026fccc5a2240c4227a1ed044f710d1.

the Associated Press, and her name appeared in the May 12, 2021 article.

61. On June 23, 2021, Defendant Robinson, Defendant Butler, RCS, the Board, and its members (collectively "Defendants"), through their attorneys, conducted an approximately four-hour "investigatory" interview with Plaintiff.

62. During the interview, Defendants, through their attorneys, in part, questioned Plaintiff about her Facebook post.

63. Defendants, through their attorneys, also questioned Plaintiff about her punctuality, dress code, discipline of students, teaching methodology, and enforcement of COVID-19 safety precautions.

64. Upon information and belief, Defendants sought, during the interview, to establish pretextual reasons for terminating Plaintiff, unrelated to the Facebook post or the Associated Press article.

65. On July 26, 2021, at a Special Meeting, the Board authorized Defendant Robinson to pursue Plaintiff's termination through tenure charges.

66. On August 3, 2021, Defendants, through their attorney, notified Plaintiff that the Board would proceed with Plaintiff's termination by filing a tenure charge under Michigan's Teacher Tenure Act, MCL 38.71, *et. seq.*

67. On August 3, 2021, Defendants, through their attorney, advised Plaintiff that the Board would vote to terminate Plaintiff at the next Board meeting.

68. On August 3, 2021, Defendants, through their attorney, provided

Plaintiff with a copy of their tenure charge.

69. In the tenure charge, Defendants, through Defendant Robinson, told Plaintiff he "recommend[s] that the Board take action to dismiss [her] for unprofessional conduct in using abusive and insulting language in a social media post…"

70. Defendants' tenure charge identifies Plaintiff's May 12, 2021 Facebook post as the sole basis for recommending her termination.

71. On August 5, 2021, Defendants barred Plaintiff from entering RCS property.

72. On August 10, 2021, Defendants, through their attorney, advised Plaintiff that they would terminate her through the approval of the tenure charge against her at its next meeting on August 23, 2021.

## COUNT I
## VIOLATIONS OF 42 U.S.C. §1983:
## FIRST AMENDMENT RETALIATION: FREEDOM OF SPEECH

73. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

74. Plaintiff's comments in the May 12, 2021 Associated Press article stated matters of public concern.

75. Plaintiff's May 12, 2021 Facebook post stated matters of public concern.

76. Plaintiff's comments in the Associated Press article and in the Facebook post were voiced as a private citizen, not pursuant to Plaintiff's job duties. Plaintiff's comments were made as statements of personal opinion regarding COVID-19, public speech in public forums, the current state of unions, and her role as a union leader.

77. Plaintiff's expression of opinions and speech to the Associated Press is protected under the First Amendment.

78. Plaintiff's expressions of opinions and speech in the May 12, 2021 Facebook post is protected under the First Amendment.

79. The First Amendment protects the speech and expression that constitute the sole motivation for Defendants' decision to suspend and terminate Plaintiff.

80. Defendants decided to suspend and terminate Plaintiff for engaging in speech protected by the First Amendment of the United States Constitution.

81. Defendants were acting under color of law when they decided to suspend and terminate Plaintiff.

82. Defendants' decision to suspend and terminate Plaintiff, for engaging in speech protected by the First Amendment, was made with reckless and/or callous disregard for the First Amendment rights of its employees, including Plaintiff.

83. Defendants' decision to suspend and terminate Plaintiff for engaging in speech protected by the First Amendment restrains both Plaintiff's and other RCS

employees' speech.

84. Defendants' decision to suspend and terminate Plaintiff for engaging in speech protected by the First Amendment will chill the exercise of First Amendment speech not only by Plaintiff, but also the exercise of First Amendment by other teachers and RCS employees.

## COUNT II
## VIOLATIONS OF 42 U.S.C. §1983:
## FIRST AMENDMENT RETALIATION: FREEDOM OF ASSOCIATION

85. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs.

86. Plaintiff is the Union president.

87. Defendants were fully aware of Plaintiff's position with the Union.

88. Defendants made the decision to suspend and terminate Plaintiff to prevent her from fulfilling her duties as Union President and in retaliation for her seeking to represent, and speak on behalf of, her members.

89. Defendants made the decision to suspend and terminate Plaintiff in retaliation for her association with the Union and its members.

90. Defendants' decision to suspend and terminate Plaintiff restrains her associational rights under the First Amendment of the United State Constitution.

## RELIEF REQUESTED

WHEREFORE, Plaintiff seeks all remedies available under 42 U.S.C. §1983

including damages in an amount sufficient to compensate her for her loses and in an amount sufficient to punish the Defendants for their callous disregard of fundamental liberties. Plaintiff further asks that this Court issue the following relief:

A. A temporary restraining order and preliminary injunction enjoining Defendant Board from terminating Plaintiff while these proceedings are pending;

B. A temporary restraining order and preliminary injunction ordering Defendants to return Plaintiff to her position as a teacher at Romeo Middle School while these proceedings are pending;

C. A permanent injunction ordering Defendants to return Plaintiff to her position as a teacher at Romeo Middle School and expunge from her record all references to her suspension and disciplinary charges imposed on her;

D. Attorney fees and costs; and

E. Such other relief as may be deemed appropriate at the time of final judgment.

Dated: August 19, 2021

Respectfully submitted,
McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
By: *s/Benjamin L. King*
　　Benjamin L. King (P81823)
　　Darcie R. Brault (P43864)
　　John R. Canzano (P30417)
　　423 N. Main Street, Suite 200
　　Royal Oak, MI 48067
　　(248) 354-9650
　　bking@michworkerlaw.com
　　dbrault@michworkerlaw.com
　　jcanzano@michworkerlaw.com

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues of fact.

                                Respectfully submitted,

                                McKNIGHT, CANZANO, SMITH,
                                RADTKE & BRAULT, P.C.

                                By: *s/Benjamin L. King*_____
                                      Benjamin L. King (P81823)
                                      Darcie R. Brault (P43864)
                                      John R. Canzano (P30417)
                                      423 N. Main Street, Suite 200
                                      Royal Oak, MI 48067
                                      (248) 354-9650
                                      bking@michworkerlaw.com
                                      dbrault@michworkerlaw.com
                                      jcanzano@michworkerlaw.com

Dated:  August 19, 2021